Per Curiam.
 

 [¶1] Brad Paulson appealed from a default judgment ordering him to pay $1.5 million in damages to Paul Lunde stemming from a May 2015 physical altercation. Paulson argues he was not properly served either the summons and complaint nor the notice of motion for default judgment.
 

 [¶2] Rule 60(b), N.D.R.Civ.P., is the exclusive means for opening a default judgment and, when made for reasons of mistake, inadvertence, surprise, or excusable neglect, must be made within one year after a default judgment has been entered.
 
 Flemming v. Flemming
 
 ,
 
 2010 ND 212
 
 , ¶ 3,
 
 790 N.W.2d 762
 
 ; N.D.R.Civ.P. 60(c). We conclude there are no irregularities on the face of the default judgment, and we affirm under N.D.R.App.P. 35.1(a)(7).
 
 See
 

 Burgard v. Burgard
 
 ,
 
 2013 ND 27
 
 , ¶ 11,
 
 827 N.W.2d 1
 
 ("[w]hen a default judgment is appealed, rather than a district court's order regarding a N.D.R.Civ.P. 60(b) motion to vacate the default judgment, we review the default judgment to determine if irregularities appear on the face of the judgment").
 

 [¶3] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte