# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 147

Andrew Hennessey,                                     Plaintiff and Appellant

　　　v.

Milnor School District,                               Defendant and Appellee

## No. 20230056

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Nicholas D. Thornton, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Andrew Hennessey, self-represented, Fargo, ND, plaintiff and appellant.

Jenna R. Bergman (argued), Minneapolis, MN, and Corey J. Quinton (appeared), Fargo, ND, for defendant and appellee.

**Bahr, Justice.**

[¶1]   Andrew Hennessey appeals from a district court order dismissing with prejudice his action against the Milnor School District ("District"). Because Hennessey failed to allege facts sufficient to support rescinding a contract for undue influence under N.D.C.C. § 9-09-02, we affirm.

I

[¶2]   The District employed Hennessey as a teacher for the 2021-2022 school year. In October 2021, the District placed Hennessey on paid administrative leave for immoral conduct and conduct unbecoming his position. The District requested Hennessey sign a resignation letter, which would have immediately terminated his employment, salary, and benefits. He declined to sign the resignation letter and requested an administrative hearing. The District then converted Hennessey's leave from paid to unpaid leave and recommended his dismissal for cause.

[¶3]   Hennessey subsequently signed a severance agreement providing him salary through October 2021 and insurance benefits through December 2021, and waiving his rights to challenge the dismissal. He later learned through an open records request that the District's legal counsel had advised the District in an email, in part, to convert his leave to unpaid to have "some leverage over this guy."

[¶4]   In December 2022, Hennessey commenced this action against the District, asserting a claim for rescission of the severance agreement on grounds of undue influence. Through this action, Hennessey seeks to rescind the agreement's release and waiver section to allow him to challenge his dismissal. He claims the District exerted undue financial pressure on him to secure the waiver of his rights to an administrative hearing and to challenge his termination in district court when it converted his paid leave to unpaid leave. Specifically, the complaint alleges:

16. Under N.D.C.C. § 9-03-11(3), undue influence consists of "taking a grossly oppressive and unfair advantage of another's necessities or distress[."] After the Board's action, the Plaintiff's financial situation became extremely precarious for two reasons—one, due to the lack of any income for the Plaintiff for the foreseeable future; and two, the Plaintiff was still under contract with the Milnor School District and unable to apply for any other teaching positions.

17. If the Plaintiff had completed the administrative hearing as planned, the case would have been referred back to the Milnor School Board for a vote on the dismissal charges. After the Milnor School Board voted on the charges, the Plaintiff would have been able to challenge the dismissal in District Court, which is not permitted under the Severance Agreement. The Board's action significantly interfered with the Plaintiff's statutory right to an administrative hearing under N.D.C.C. § 15.1-15-08.

[¶5] The District moved to dismiss Hennessey's complaint. The District argued Hennessey's claim is for economic duress, which is not a legally recognized claim in North Dakota. The District further argued Hennessey's claim for undue influence fails as a matter of law. Hennessey opposed the motion.

[¶6] After a January 2023 hearing, the district court entered an order granting the District's motion to dismiss. In its order, the court dismissed the action with prejudice. The court held Hennessey's claim for undue influence fails as a matter of law on the pleadings because the complaint fails to assert he is a person who can be influenced and fails to allege facts sufficient to support this element of an undue influence claim. The court further held, to the extent it could be interpreted as one for economic duress, the claim fails to state a claim for relief because economic duress is not recognized under North Dakota law.

II

[¶7] Our standard for reviewing a district court's decision granting dismissal under N.D.R.Civ.P. 12(b)(6) is well established:

2

> In an appeal from a motion to dismiss under N.D.R.Civ.P. 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and well-pleaded allegations are accepted as true. A court's scrutiny of pleadings should be deferential to the plaintiff, unless it is clear there are no provable facts entitling the plaintiff to relief. Rule 12(b)(6) motions are viewed with disfavor and should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted. The district court's decision will be reviewed de novo on appeal. The court's decision dismissing the complaint will be affirmed if we cannot discern a potential for proof to support it.

*Krile v. Lawyer*, 2022 ND 28, ¶ 16, 970 N.W.2d 150 (cleaned up).

[¶8] "Although a concise and non-technical complaint is all that is required by N.D.R.Civ.P. 8(a), a complaint nevertheless must be sufficient to inform and notify the adversary and the court of the pleader's claim." *Krile*, 2022 ND 28, ¶ 28 (quoting *Erickson v. Brown*, 2008 ND 57, ¶ 16, 747 N.W.2d 34).

> Rule 8 does not require the complaint to have detailed factual allegations, but allegations that are merely conclusory statements unsupported by factual allegations are not sufficient to state a cause of action. Well-pleaded factual allegations are entitled to an assumption of truth, but conclusions unsupported by factual allegations are not.

*Id.* (citations omitted).

### III

[¶9] In seeking to rescind a portion of the severance agreement to allow him to challenge his dismissal, Hennessey argues the district court erred in determining his claim for undue influence fails as a matter of law.

[¶10] Section 9-03-03(4), N.D.C.C., provides "[a]n apparent consent is not real or free when obtained through . . . [u]ndue influence[.]" Under N.D.C.C. § 9-09-02(1), a party may rescind a contract if the consent of the party rescinding was obtained through "*undue influence* exercised by or with the connivance of the

party as to whom the party rescinding rescinds[.]" (Emphasis added.) Section 9-03-11, N.D.C.C., states undue influence consists:

> 1. In the use, by one in whom a confidence is reposed by another or who holds a real or apparent authority over that person, of such confidence or authority for the purpose of obtaining an unfair advantage over that person;
> 2. In taking an unfair advantage of another's weakness of mind; or
> 3. In taking a grossly oppressive and unfair advantage of another's necessities or distress.

[¶11] In cases involving nontestamentary transactions, we have defined "undue influence" as "improper influence . . . [exercised] in such a way and to such an extent as to destroy his free agency or his voluntary action by substituting for his will the will of another." *Erickson v. Olsen*, 2014 ND 66, ¶ 26, 844 N.W.2d 585 (quoting *Johnson v. Johnson*, 85 N.W.2d 211, 221 (N.D. 1957)). In nontestamentary cases, this Court has long held "[a] finding of undue influence . . . requires that three factors be established: (1) *A person who can be influenced*; (2) The fact of improper influence exerted; and (3) Submission to the overmastering effect of such unlawful conduct." *Erickson*, at ¶ 26 (emphasis added) (quoting *Sulsky v. Horob*, 357 N.W.2d 243, 248 (N.D. 1984)); *see also In re Estate of Finstrom*, 2020 ND 227, ¶ 12, 950 N.W.2d 401; *Nelson v. Nelson*, 2018 ND 212, ¶ 7, 917 N.W.2d 479; *Kronebusch v. Lettenmaier*, 311 N.W.2d 32, 35 (N.D. 1981); *Hendricks v. Porter*, 110 N.W.2d 421, 429-30 (N.D. 1961); *Johnson*, 85 N.W.2d at 221 (citing 43 C.J.S., *Influence*, p. 380).

[¶12] Other courts have adopted four factors or elements of undue influence: "(1) a person who is subject to influence, a susceptible party; (2) another's opportunity to influence the susceptible party; (3) the actual or attempted imposition of improper influence; and (4) a result showing the effect of the improper influence." 28 *Williston on Contracts* § 71:51 (4th ed. May 2023 Update) (cases cited therein); *see also* 17A C.J.S. *Contracts* § 258 (May 2023 Update) ("There are four elements of undue influence: (1) a person who is subject to influence, (2) an opportunity to exert undue influence, (3) a

disposition to exert undue influence, and (4) a result indicating undue influence.").

[¶13] "The law does not condemn all influence, only undue influence." *Kronebusch*, 311 N.W.2d at 35. "Undue influence cannot be used as a pretext to avoid bad bargains or escape from bargains which refuse to come up to expectations." *Odorizzi v. Bloomfield Sch. Dist.*, 54 Cal.Rptr. 533, 541 (Cal. Dist. Ct. App. 1966). "If we are temporarily persuaded against our better judgment to do something about which we later have second thoughts, we must abide the consequences of the risks inherent in managing our own affairs." *Id.*

[¶14] Here, the complaint alleges the District placed Hennessey on unpaid administrative leave after he requested an administrative hearing, causing him a lack of income. It further alleges Hennessey could not apply for any other teaching positions while he was still under contract with the District. Before the district court, Hennessey also argued he could not access his Teachers' Fund for Retirement (TFFR) while still under contract with the District. According to Hennessey, the District's "depth and duration of control" over his finances during the indefinite period of unpaid leave created a "grossly oppressive and unfair advantage of another's necessities." Based on these allegations, he argues the District exerted improper influence on him to waive the administrative hearing process.

[¶15] The District argues Hennessey failed to state a claim for undue influence because the allegation of the "depth and breadth of the control" the District had over his finances is not the type of "susceptibility" that qualifies under North Dakota law. The District further contends Hennessey did not plead or argue any sort of physical or mental impairment or cognitive defect.

[¶16] As discussed, we construe the complaint in the light most favorable to Hennessey and accept his well-pleaded allegations as true. *Krile*, 2022 ND 28, ¶ 16. We will affirm the district court's dismissal for failure to state a claim for relief under N.D.R.Civ.P. 12(b)(6) if we cannot "discern a potential for proof to support it." *Nelson v. McAlester Fuel Co.*, 2017 ND 49, ¶ 20, 891 N.W.2d 126 (quoting *Vandall v. Trinity Hosps.*, 2004 ND 47, ¶ 5, 676 N.W.2d 88).

5

[¶17] One court discussed the requisite allegations to support setting aside a contract based on undue influence, explaining:

> [A] complaint seeking to set aside a contract or other transaction favorable to a defendant or her interests because of undue influence by the defendant must allege *either* that because of great weakness of mind of the other party the defendant obtained the bargain for grossly inadequate consideration or under some other circumstance of suspicion, *or* alternately that a confidential relationship existed between the parties at the time of a transaction beneficial to the defendant, even in the absence of other suspicious circumstances. Both allegations will support a finding of undue influence resulting in a fraudulent transaction, and may be pled independently or in the alternative.

*Ayers v. Shaffer*, 748 S.E.2d 83, 91 (Va. 2013).

[¶18] Another court noted the first element of undue influence is "undue susceptibility in the servient person[.]" *Martinez-Gonzalez v. Elkhorn Packing Co. LLC*, 25 F.4th 613, 625 (9th Cir. 2022) (quoting *Odorizzi*, 54 Cal.Rptr. at 540). Thus, to "state a claim for rescission [due to undue influence], the plaintiff must ordinarily allege that the party against whom rescission is sought took some advantage of the mental weakness or incapacity of the other party." *Das v. Bank of Am.*, 112 Cal.Rptr.3d 439, 453 (Cal. Ct. App. 2010). The "undue susceptibility" element means "a lessened capacity" of a party "to make a free contract." *Martinez-Gonzalez*, at 625 (quoting *Odorizzi*, at 540). "It may consist of wholesale mental incapacitation, but also extends to 'a lack of full vigor due to age, physical condition, emotional anguish, or a combination of such factors.'" *Id.* (quoting *Odorizzi*, at 540). "These situations 'usually involve[ ] elderly, sick, [or] senile persons.'" *Id.* (quoting *Odorizzi*, at 540). Thus, "this first element of undue influence resolves itself into a lessened capacity of the object to make a free contract." *Odorizzi*, at 540; *see also Johnson*, 85 N.W.2d at 221 ("The essential elements of undue influence required to be shown to authorize the cancellation of the deed are that the victim is rendered incapable of acting on his own motives, which implies a weak mentality.").

[¶19] Regarding the first element of an undue influence claim—that Hennessey is a person susceptible to undue influence—the district court held "Hennessey's complaint fails to assert he is a person who can be influenced." The court noted that, "at the hearing, Hennessey asserted he signed the severance agreement not because he lacked capacity or the ability to understand it," Hennessey specifically stated he is not claiming any disability or ailment limiting his abilities to understand or care for himself, and he "knew what he was signing" and did so "voluntarily." On this record, we conclude the court properly concluded Hennessey failed to plead the first element of undue influence.

[¶20] In *Erickson*, 2014 ND 66, ¶ 27, we affirmed a district court's findings after trial that the individual at issue was capable of being influenced. The court found the evidence established, among other things, the individual was unable to care for himself, had not driven a motor vehicle for years, and had difficulty seeing due to macular degeneration. *Id.* The evidence also showed he was dependent on others for care and was neurologically impaired. *Id.* No such facts have been alleged in this case. Hennessey does not allege a weakness of mind or any other facts indicating he had a lessened capacity to enter the severance agreement. *See Martinez-Gonzalez*, 25 F.4th at 626 (concluding plaintiff's "economic situation doesn't establish a 'weakness of mind,' significant 'necessities or distress,' . . . to establish a claim for undue influence"). We do not hold a person must allege a physical or mental impairment or cognitive defect to satisfy the first prong of undue influence. However, even under notice pleading, a party must make more than a bare conclusory statement of undue influence to be sufficient to survive a motion to dismiss. The complaint's allegations here are merely conclusory statements unsupported by any factual allegations and are not sufficient to plead the first element of undue influence. *See Krile*, 2022 ND 28, ¶ 28.

[¶21] On appeal, Hennessey argues the District's strategy of using unpaid leave to pressure him violated a "good faith" negotiation process under N.D.C.C. § 1-01-21 and *Fargo Education Association v. Paulsen*, 239 N.W.2d 842, 847 (N.D. 1976). In his reply brief, Hennessey raises a new undue influence argument under N.D.C.C. § 9-03-11(1), asserting a "confidence"

between an administrator and teacher that requires "just and equitable treatment." "When a party fails to properly raise an issue or argument before the district court, it may not do so for the first time on appeal." *Allery v. Whitebull*, 2022 ND 140, ¶ 10, 977 N.W.2d 726. Because neither of these issues were preserved, we decline to address Hennessey's arguments under N.D.C.C. § 1-01-21 and N.D.C.C. § 9-03-11(1).

[¶22] Hennessey concedes he did not bring a claim for economic duress. He further concedes a claim for "economic duress" is not recognized under North Dakota law. *See Finstad v. Ransom-Sargent Water Users, Inc.*, 2014 ND 146, ¶¶ 13-14, 849 N.W.2d 165 (holding North Dakota law does not recognize the economic duress doctrine). In light of Hennessey's concessions, we do not address the District's arguments or the district court's holding regarding economic duress.

[¶23] On our de novo review, we conclude the district court did not err in holding Hennessey's complaint fails to allege sufficient facts supporting his claim of undue influence to rescind the severance agreement he signed with the District. The court did not err in dismissing his complaint with prejudice.

IV

[¶24] We have considered Hennessey's remaining arguments and deem them either without merit or unnecessary to our decision. The order dismissing the action with prejudice is affirmed.

[¶25] Jon J. Jensen, C.J.
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte
 Douglas A. Bahr

8