# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 50

| | |
|---|---|
| Danielle Nygaard, | Plaintiff and Appellee |
| v. | |
| Scott Volker, | Defendant and Appellant |
| and | |
| Joseph Svobodny and | |
| United Savings Credit Union, | Defendants |

## No. 20250184

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

James A. Teigland and Kyle B. Christianson, Fargo, ND, for plaintiff and appellee; submitted on brief.

Scott Volker, Golden Valley, MN, defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1] Scott Volker appeals from a default judgment entered after the district court struck his answer and counterclaim as a discovery sanction. Volker claims the district court clearly erred by finding the quitclaim deed was forged, quieting title, and awarding damages to Nygaard. He also claims the court abused its discretion by finding forgery without expert handwriting testimony and by imposing Rule 11, N.D.R.Civ.P., sanctions. We affirm the judgment.

I

[¶2] Danielle Nygaard purchased a home in Fargo, North Dakota. United Savings Credit Union holds a mortgage lien on the property. Scott Volker recorded a quitclaim deed purporting to convey the property from Nygaard to Volker. Volker also initiated eviction proceedings against Nygaard. Volker claims Nygaard and he entered into a loan agreement wherein Volker personally guaranteed a loan to Nygaard from a private investor, Joseph Svobodny, to purchase the property. Volker claims he recorded the deed after Nygaard failed to pay the loan according to the terms of the loan agreement. Nygaard denies executing the quitclaim deed or signing the loan agreement.

[¶3] Nygaard brought a quiet title action against Volker and requested attorney's fees, claiming Volker forged the quitclaim deed. Volker denied allegations in the complaint, asserted affirmative defenses, and brought a counterclaim alleging Volker and Nygaard had an agreement for Volker to personally guarantee a loan to Nygaard from a "private investor" in the amount of $40,000 for purchase of the property. Under the purported agreement, Volker had the right to record the quitclaim deed and sell the property if Nygaard did not pay the loan balance on or before April 1, 2023. Volker sued for breach of contract and unjust enrichment, and sought to quiet title in his favor. Nygaard denied allegations in the counterclaim, and asserted the $40,000 was a gift. She also pleaded the affirmative defenses of fraud, illegality, unclean hands, lack of consideration, and the statute of frauds.

[¶4] Nygaard amended her complaint to add as defendants Joseph Svobodny, the "private investor" and United Savings Credit Union, the mortgagee of the property. She included a claim against Volker and Svobodny, seeking declaration that a lender relationship was not established. She also clarified her allegations of fraud against Volker, and added the claims of slander of title and abuse of process for Volker's eviction action against Nygaard.

[¶5] United Savings Credit Union and Svobodny answered the amended complaint. Volker answered the amended complaint and asserted his same counterclaims. Nygaard answered the counterclaim and asserted affirmative defenses, including that Volker's counterclaim "is brought in bad faith and for an improper purpose, that such counterclaim constitutes a fraud on the court, and Plaintiff is entitled to an award of attorney fees and other sanctions because of Defendant's acts and/or omissions."

[¶6] In January 2024, Nygaard served Volker requests for production and inspection of Volker's electronic devices and email accounts. In February 2024, Volker moved for a protective order, arguing the discovery was "completely lacking a description of the material to be searched for, let alone any outline of the protocol to be used to obtain said material from the extensive list of devices, cloud storage services, and accounts requested for testing and analysis." In response to the motion for a protective order, Nygaard presented evidence showing Volker had disclosed some documents that had been altered. After a hearing, the district court issued a discovery order in July 2024, detailing a schedule and procedure for production of information from the electronic devices and email accounts. The order warned "[s]anctions, including those under N.D.R.Civ.P. 37(b), may be appropriate if there is a failure to comply with this order."

[¶7] In August 2024, Volker's attorney moved to withdraw as counsel, citing N.D.R. Prof. Cond. 3.3 and 3.4. At a hearing on the motion to withdraw, the attorney told the district court that during searches of four electronic devices, the attorney located material subject to the court's discovery order but Volker instructed him to not disclose the material. The court was further told Volker retrieved those devices from the law office. Volker stated he was obtaining a new

2

attorney with whom he would work through the discovery issues. The court granted the attorney's motion to withdraw as counsel.

[¶8] In September 2024, Nygaard moved to strike Volker's answer and counterclaim under N.D.R.Civ.P. 37 as a sanction for Volker's failure to comply with the discovery order. Volker resisted the motion to strike, arguing he made substantial efforts to comply with the order. Nygaard replied to Volker's response to the motion to strike, and requested attorney's fees. After a hearing, the district court issued its sanction order in October 2024, finding Volker failed to obey its order compelling discovery. The court denied the request to strike Volker's answer and counterclaim, warning Volker that "failure to comply with the E-Discovery Order and/or this Order may result in . . . the striking of pleadings." The court further ordered Volker to comply with the discovery order, detailed a schedule and procedure regarding disclosure of information from the electronic devices and email accounts, and ordered a status conference be scheduled. After a status conference in November 2024, the court found "Volker [] engaged in deliberate or bad faith non-compliance with discovery order" and "Volker's conduct justifies the severe sanction of striking pleadings and authorizing Nygaard to proceed via default judgment."

[¶9] In September 2024, Nygaard moved for an order precluding Volker from claiming attorney-client privilege when she deposed Volker's former attorney and his law clerk. Nygaard asserted Volker used his attorney to perpetuate fraud by preparing a quitclaim deed that Volker later forged with Nygaard's signature and a false notarization. Volker claimed Nygaard signed the quitclaim deed before a notary on March 31, 2022, in Fargo. At a hearing on the motion in October 2024, evidence was presented showing the notary was in Grand Forks when the quitclaim deed allegedly was signed in Fargo. The district court ultimately found the evidence showed neither the loan agreement nor quitclaim deed were signed by Nygaard and the quitclaim deed was not prepared until months after the notary date on the document.

[¶10] In October 2024, Nygaard served Volker with a motion for N.D.R.Civ.P. 11(b)(3) sanctions. In November 2024, Nygaard filed notice of filing and the motion for sanctions under N.D.R.Civ.P. 11(b)(3). Volker did not respond. In

3

December 2024, the district court issued notice of its intent to rule on the Rule 11 motion. Volker did not respond. The district court found Volker presented a pleading lacking evidentiary support and violated N.D.R.Civ.P. 11(b)(3), and awarded Nygaard "her reasonable costs, including attorney fees, incurred in bringing her motion for sanctions." On December 30, 2024, Volker filed a motion "to vacate" the Rule 11 sanctions order. After a hearing, the district court denied Volker's motion.

[¶11] After the district court struck both Volker and Svobodny's answer and counterclaims as a discovery sanction, Nygaard moved for default judgment. The court entered its findings of facts, conclusions of law and order for judgment, voiding the quitclaim deed, quieting title in favor of Nygaard, and awarding Nygaard $11,368. Nygaard moved for costs, disbursements and attorney's fees. Volker opposed the motion for attorney's fees and moved to strike the motion as untimely. After a hearing on the motions, the court awarded Nygaard $102,215 in attorney's fees and $12,489 for costs and disbursements. Judgment was entered. Volker timely appealed.

II

[¶12] Volker claims the district court abused its discretion by imposing "excessive Rule 11 sanctions without the required safe harbor notice." He argues "the district court's sanctions, based on a clearly erroneous forgery finding warrant reversal for abuse of discretion and legal misinterpretation." Nygaard argues the issue was not preserved because Volker did not respond to the Rule 11 motion or present these arguments to the district court.

[¶13] Volker did not timely respond to Nygaard's motion for sanctions. Nor did he respond after the district court issued notice of its intent to rule on the Rule 11 motion. After the court ruled on Nygaard's motion, Volker moved to "vacate" the Rule 11 sanctions order. The court denied the motion, finding "Volker failed to explain why he did not timely respond to Plaintiff Nygaard's motion for sanctions, despite proper notice and additional warning from the Court[,]" and, more importantly, "Volker failed (either in his motion filings or during the January 21, 2025 hearing—even though specifically asked) to identify any

4

evidence in the record showing the Court's sanctions order was not supported." The order awards Nygaard "her reasonable costs, including attorney fees, incurred in bringing her motion for sanctions." Nygaard submitted a declaration of costs for her motion for sanctions, amounting to $1,043. Volker did not object to those fees.

[¶14] "When a party fails to properly raise an issue or argument before the district court, it may not do so for the first time on appeal." *Hennessey v. Milnor Sch. Dist.*, 2023 ND 147, ¶ 21, 994 N.W.2d 204 (citation omitted). Here, Volker did not provide the court with evidence or argument regarding Nygaard's motion for sanctions. Volker therefore waived his opportunity to make that argument on appeal for the first time.

III

[¶15] Volker claims the district court erred by finding the quitclaim deed was forged, quieting title, and awarding damages to Nygaard. The court entered default judgment quieting title in favor of Nygaard and finding the quitclaim deed was "willfully and maliciously forged." Volker asks this Court to reverse the default judgment. He argues the finding of forgery is not supported by clear and convincing evidence because the notary's testimony was "equivocal" and the evidence presented material contradictions.

[¶16] Rule 60(b), N.D.R.Civ.P., is the exclusive means for opening a default judgment. *Lunde v. Paulson*, 2019 ND 5, ¶ 2, 921 N.W.2d 402; *see also Flemming v. Flemming*, 2010 ND 212, ¶ 3, 790 N.W.2d 762 ("Where a default judgment is entered against a defendant, the defendant should not appeal but may move the district court for relief from the default judgment under N.D.R.Civ.P. 60(b)."). Volker did not move the district court for relief under N.D.R.Civ.P. 60(b). "We require a party to move to set aside the default judgment before appealing to this Court." *Burgard v. Burgard*, 2013 ND 27, ¶ 10, 827 N.W.2d 1. By failing to move to set aside the default judgment, Volker limited our ability to reverse the default judgment. *Id.* ¶ 11.

[¶17] "When a default judgment is appealed, rather than a district court's order regarding a N.D.R.Civ.P. 60(b) motion to vacate the default judgment, we review

5

the default judgment to determine if irregularities appear on the face of the judgment." *Burgard,* 2013 ND 27, ¶ 11 (cleaned up). "'An irregular judgment is one that is materially contrary to an established form of procedure for the orderly administration of justice. "Irregularity" usually means an irregularity of process or procedure.'" *Id.* ¶ 12 (quoting 49 C.J.S. *Judgments* § 410 (2009)). "'[R]elief from judgment may not be granted, or a judgment vacated, for irregularity, unless the irregularity appears on the face of the record, and does not depend on proof beyond the record.'" *Id.* ¶ 13 (quoting 49 C.J.S. *Judgments* § 410 (2009)).

[¶18] Here, the district court's judgment was entered after Volker's answer and counterclaim were struck as a sanction for his litigation misconduct. After Volker's pleadings were struck, he lost the ability to defend against Nygaard's claims or to advance his claims against Nygaard. Because Volker was unable to further participate in the adversarial process, and absent a N.D.R.Civ.P. 60 motion, he cannot attack the quality or quantity of evidence supporting the court's findings. He has not otherwise called to our attention any irregularities appearing on the face of the judgment. We therefore affirm the judgment.

IV

[¶19] Volker's remaining arguments are inadequately briefed, not properly before this Court, without merit, or unnecessary to our decision. We affirm the judgment.

[¶20] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr