# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 232

Mitchell S. Sanderson,                                        Plaintiff and Appellant

v.

Judge Kari Agotness,                                         Defendant and Appellee

## No. 20240054

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED AS MODIFIED.

Opinion of the Court by Crothers, Justice.

Mitchell S. Sanderson, Park River, ND, self-represented, plaintiff and appellant; on brief.

Andrew Moraghan, Assistant Attorney General, Bismarck, ND, for defendant and appellee; on brief.

**Sanderson v. Agotness**
No. 20240054

**Crothers, Justice.**

[¶1] Mitchell S. Sanderson appeals from the district court's judgment dismissing his civil case against Judge Kari Agotness, awarding her attorney's fees, and denying his N.D.R.Civ.P. 60(b) motion for relief of judgment. We modify the amount of attorney's fees awarded and affirm the judgment as modified.

I

[¶2] On October 30, 2023, Sanderson commenced this action against Agotness, seeking $200 million in damages and demanding that Agotness be investigated for alleged criminal conduct. Sanderson served his summons and complaint on Agotness and the Office of Attorney General. Agotness filed the summons and complaint under N.D.R.Civ.P. 5(d)(2)(A)(iv), filed a N.D.R.Civ.P. 12(b)(6) motion to dismiss and requested attorney's fees. Sanderson did not respond to the motion to dismiss or the request for attorney's fees. The district court granted Agotness's motion to dismiss, found Sanderson's claims were frivolous, and awarded attorney's fees to Agotness. After judgment was entered, Sanderson filed a motion for relief of judgment under N.D.R.Civ.P. 60(b) with the district court. Before receiving a ruling on the motion, Sanderson filed a notice of appeal. We temporarily remanded the case for the district court to consider the Rule 60(b) motion, which later was denied. Sanderson timely appealed from that order.

[¶3] Sanderson lists 11 issues on appeal. We limit our consideration to Sanderson's challenge to Agotness's judicial immunity defense, which is dispositive, the motion for relief from judgment, and the award of attorney's fees.

[¶4]   Sanderson claims the district court erred in dismissing his claims based on Agotness's judicial immunity because Agotness lacked personal jurisdiction to adjudicate issues in the underlying action.

[¶5]   Dismissals under N.D.R.Civ.P. 12(b)(6) are reviewed de novo and will be affirmed if this Court is unable to "discern a potential for proof to support [the complaint]." *Krile v. Lawyer*, 2022 ND 28, ¶ 16, 970 N.W.2d 150 (quoting *Nelson v. McAlester Fuel Co.*, 2017 ND 49, 891 N.W.2d 126). Here, the three-page complaint consisted of a jurisdictional statement listing the parties, 11 conclusory claims without factual context or support, a demand for $200 million in damages, and requested a criminal investigation of Agotness. Sanderson also claimed Agotness had the burden of disproving his claims.

[¶6]   Under N.D.R.Civ.P. 12(b)(6), a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bismarck Fin. Grp. LLC v. Caldwell*, 2020 ND 207, ¶ 5, 950 N.W.2d 155 (quoting *Johnson & Maxwell, Ltd. v. Lind*, 288 N.W.2d 763, 765 (N.D. 1980)). Section 8(a)(1), N.D.R.Civ.P., requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A claim fails if the defendant "is unable to frame an appropriate responsive pleading." *Gowin v. Hazen Mem'l Hosp. Ass'n*, 311 N.W.2d 554, 556 (N.D. 1981).

[¶7]   North Dakota law protects judges from civil claims arising out of the performance of their judicial duties. Section 32-12.2-02(3)(d), N.D.C.C., provides: "[n]either the state nor a state employee may be held liable . . . for . . . a claim resulting from a decision to undertake or a refusal to undertake any judicial . . . act." "Judicial immunity is a long-standing common law doctrine that protects judges from civil liability for their judicial decisions[.]" *Riemers v. State*, 2007 ND APP 2, ¶ 5, 732 N.W.2d 398. Judges lose immunity if acting "in clear absence of jurisdiction." *Id.* (citing *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000)). Sanderson claims Agotness had no authority to act in the underlying case because the district court did not have personal jurisdiction over the defendant.

He argues the court lacked jurisdiction because he improperly served the defendant by mailing the summons and complaint in the underlying case. Because service was defective, he claims Agotness was required to dismiss the case rather than rule on any issues.

[¶8]  We explicitly rejected Sanderson's claim the district court was without jurisdiction in his action against Myrdal. *Sanderson v. Myrdal*, 2024 ND 202, ¶ 8, __ N.W.3d __ ("We are aware of no authority for the proposition that a plaintiff may challenge the court's jurisdiction over a defendant who admits personal jurisdiction on the basis of defects in the plaintiff's service of process on the defendant. Sanderson's jurisdiction argument is without merit."). Our holding in the *Myrdal* case is not subject to collateral attack in this proceeding. *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101 ("The doctrines of res judicata and collateral estoppel bar courts from relitigating claims and issues in order to promote the finality of judgments, which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources.") (cleaned up). Because the district court had jurisdiction, Agotness was acting within her capacity as a judge when she resolved the issues in the *Myrdal* case. Therefore, judicial immunity applies.

[¶9]  "Judicial immunity is defined by the governmental functions it protects, not the motives of the officers performing those functions." *Riemers*, 2007 ND APP. 2, ¶ 8 (citing 46 Am. Jur. 2d *Judges* § 64 (2007). "Judges have absolute immunity because of the special nature of their responsibilities[.]" *Loran v. Iszler*, 373 N.W.2d 870, 875 (N.D. 1985). "Even if the judges disregard clear case or statutory law, their actions were judicial acts, and judicial immunity bars [ ] claims for money damages." *Riemers*, at ¶ 8. Judicial acts are decisions regarding "what the law is, and what the rights of the parties are, with reference to the transactions already had[.]" *State ex rel. Mason v. Baker*, 288 N.W. 202, 204 (N.D. 1939). Here, all of the acts alleged by Sanderson exclusively stem from Agotness's decisions while presiding over a case in which Sanderson was the plaintiff (No. 50-2023-CV-00129). "A district judge acting within his jurisdiction is not subject to a damage action." *Loran*, 373 N.W.2d at 874 (citing *Root v. Rose*, 6 N.D. 575, 72 N.W. 1022 (1897)). Agotness has complete immunity from claims

relating to judicial decisions she made while presiding over the underlying case. As a result, the district court here did not err by dismissing Sanderson's case.

III

[¶10] Sanderson claims the district court erred in awarding Agotness's attorney's fees she incurred in defending against this action.

[¶11] This Court reviews an award of attorney's fees under the abuse of discretion standard. *Gratech Co., Ltd. v. Wold Eng'g, P.C.*, 2007 ND 46, ¶ 18, 729 N.W.2d 326. "A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law." *Id.* (internal citations omitted).

[¶12] Sanderson argues the district court erred in finding his claims were frivolous and awarding attorney's fees. "A claim is frivolous when there is such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor." *Dietz v. Kautzman*, 2004 ND 119, ¶ 14, 681 N.W.2d 437 (citing *Peterson v. Zerr*, 477 N.W.2d 230, 236 (N.D. 1991)). "Judicial immunity . . . [is a] well-established and long-standing legal doctrine[]." *Riemers*, 2007 ND APP 2, ¶ 13. Because Sanderson did not request any form of relief not barred by judicial immunity, his claims are without merit.

[¶13] Sanderson also argues the district court erred in awarding attorney's fees because Agotness filed the summons and complaint with the court, not him. Attorney's fees in a frivolous action are not awarded based on who was first to file but on the prevailing party who was sued on a meritless claim. N.D.C.C. § 28-26-01(2). Section 28-26-01(2), N.D.C.C., states:

> "In civil actions the court *shall*, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs *must* be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor[.]"

4

(Emphasis added.) Sanderson did not provide a legal or factual response to the judicial immunity defense that would permit his claims to proceed. Because of this, the court did not abuse its discretion in finding the claims were frivolous and awarding attorney's fees to Agotness.

[¶14] While the district court did not abuse its discretion in awarding attorney's fees to Agotness, the amount awarded is incorrect. Counsel for Agotness filed a letter with the court asking to amend the attorney's fees award from $3,213.80 to $2,787.45 due to a computational error. Because the case was on appeal when the error was discovered, the district court is unable to correct it. *See* N.D.R.Civ.P. 60(a) (correction based on clerical mistake; oversights and omissions). Sanderson did not object to the request to reduce the attorney's fees award. We reduce Agotness's attorney's fee recovery to $2,787.45, and affirm the award as modified.

IV

[¶15] Sanderson argues the district court erred in denying his "[m]otion for [r]elief from judgment."

[¶16] In February 2024, Sanderson filed a N.D.R.Civ.P. 60(b) motion for relief of judgment from the district court's order finding the claim was frivolous and granting attorney's fees. The motion was denied. Sanderson's argument on appeal is "Judge Knutson should have granted the Motion for Relief from Judgment! All legal arguments in this Motion are true and accurate demanding relief!"

[¶17] "Generally, issues not adequately briefed or argued on appeal will not be considered." *First State Bank v. Moen Enters.*, 529 N.W.2d 887, 893 (N.D. 1995). Sanderson did not include reference to N.D.R.Civ.P. 60(b) or other supporting law in his table of contents or the argument portion of his brief. "We 'will not consider an argument that is not adequately articulated, supported, and briefed,' or 'engage in unassisted searches of the record for evidence to support a litigant's position.'" *Hoever v. Wilder*, 2024 ND 58, ¶ 5, 5 N.W.3d 544 (quoting *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389). Because Sanderson failed to adequately brief his N.D.R.Civ.P. 60(b) claim, we decline to further consider the issue.

5

## V

[¶18] It is unnecessary to address other issues raised on appeal because they are either without merit or unnecessary to the decision. We affirm the dismissal of this matter based on judicial immunity. We modify the amount of attorney's fees awarded, and affirm the judgment as modified.

[¶19] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr