# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 16

Mitchell S. Sanderson,                         Plaintiff and Appellant

      v.

Kelley Cole,                                Defendant and Appellee

### No. 20250288

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Mitchell S. Sanderson, Park River, ND, plaintiff and appellant; on brief.

Daniel L. Gaustad, Joseph E. Quinn, Jaxen Bratcher, Grand Forks, ND, for defendant and appellee; on brief.

**Crothers, Justice.**

[¶1]   Mitchell S. Sanderson appeals from a district court judgment dismissing his complaint against Walsh County State's Attorney, Kelley Cole, and awarding Cole attorney's fees. Sanderson argues the district court lacked subject matter jurisdiction because he did not file the complaint, and lacked personal jurisdiction because Cole failed to comply with N.D.R.Civ.P. 5(d)(2)(A)(ii) by filing the complaint without serving notice on Sanderson. He argues the court erred by dismissing his case as frivolous under N.D.R.Civ.P. 12(b)(6), and misapplying prosecutorial immunity to an investigative or administrative act. He further argues the court abused its discretion by dismissing the complaint without a hearing on the motion to dismiss. Sanderson also argues the court erred by awarding attorney's fees under N.D.C.C. § 28-26-01(2). Sanderson also asserts several due process violations, arguing the court did not follow procedural rules. Sanderson seeks reassignment on remand under N.D. Code Jud. Conduct 2.11, and argues Cole violated the rules of professional conduct. We affirm the judgment.

I

[¶2]   On February 24, 2025, Sanderson commenced this action by serving Cole with a copy of the summons and complaint. On March 17, 2025, Cole filed the summons and complaint with the district court. On the same day, Cole filed a motion to dismiss under N.D.R.Civ.P. 12(b)(6) and requested attorney's fees due to the alleged frivolous nature of the complaint. Cole filed a declaration of service of the notice and motion to dismiss. Cole filed and served an answer to Sanderson's complaint on March 21, 2025.

[¶3]   On March 28, 2025, Sanderson filed a response to the motion to dismiss titled "Stipulation to Dismiss," stating, "Sanderson agrees to dismiss[.]" The "stipulation" did not contain Cole's signature. Cole and the district court treated Sanderson's "stipulation" as a response brief to the motion to dismiss. Sanderson's filing explained:

Sanderson inadvertently served this complaint on the Defendant. Sanderson obviously printed off a complaint by mistake in haste and mistakenly filed the wrong papers on the Defendant. It was in the Draft stage and never intended to be mailed to the Defendant. It is a correctible mistake and Sanderson apologizes to the Court and Defendant.

. . . . If Sanderson had completed the Draft Sanderson would have evidence to the fact that laws were not enforced in Walsh and violations of law by government officials did exist and Defendant was made aware of them and she ignored State law by not investigating them and by doing so no charges were filed on the Government actors for violations of said laws. Sanderson **did not** file the case with the Court—the Defendant did! Sanderson cannot be liable for the actions of the Defendant when they have no idea if Sanderson ever intended to actually file this case with the Court or see if the Defendant would collaborate to settle out of Court. That is what the *21-day rule* allows for. <u>The Defendant has filed for a dismissal so Sanderson agrees to dismiss due to a correctable error.</u>

(Emphasis in original.)

[¶4]   On April 2, 2025, Cole filed a reply in support of the motion to dismiss, arguing Sanderson intended to serve the summons and complaint because he signed the summons and complaint and then delivered the signed documents to a third party for service on Cole. On April 16, 2025, Sanderson filed a reply brief titled "Reply/Response/Opposition to State[']s Motion to Dismiss" with supporting exhibits, and requested a hearing.

[¶5]   On April 17, 2025, the district court granted the motion to dismiss and awarded attorney's fees and costs. Cole filed and served a declaration of attorney's fees and costs on April 18, 2025. Sanderson did not object or respond to the declaration of fees and costs. The court awarded $3,927 in costs and fees.

[¶6]   Before judgment was entered, Sanderson filed a "Motion for Void Judgment" and "Motion for Discovery" and requested a hearing on both motions. Cole responded to both motions and requested attorney's fees and costs incurred to respond to both motions. The district court held a hearing on the motions on June 9, 2025. Sanderson filed a post-hearing brief. The court denied

the motion for void judgment and motion for discovery, and awarded Cole attorney's fees and costs. Cole filed a declaration and account of attorney's fees. Sanderson did not object or respond to the amount Cole requested. The court awarded Cole $3,779 in additional attorney's fees and costs. Judgment was entered dismissing Sanderson's complaint against Cole, and awarding Cole $7,706 in attorney's fees and costs. Sanderson appeals.

II

[¶7] Sanderson claims the district court lacked jurisdiction to dismiss the complaint. He argues under federal law only the plaintiff can file the complaint, and Sanderson did not file the complaint. He also argues the court lacked jurisdiction because Cole filed the complaint without serving notice of filing as required by N.D.R.Civ.P. 5(d)(2)(A)(ii). We disagree.

[¶8] Sanderson's reliance on the federal rules of civil procedure is misplaced. Sanderson commenced this action in state court, not federal court. North Dakota's rule differs from the federal rule that requires filing of a complaint to commence an action. Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."); *Hughes v. Olheiser Masonry, Inc.*, 2019 ND 273, ¶ 6, 935 N.W.2d 530 (same). Under the North Dakota Rules of Civil Procedure, "[a] civil action is commenced by the service of a summons." N.D.R.Civ.P. 3. North Dakota rules allow the defendant to file the complaint in district court. N.D.R.Civ.P. 5(d)(2)(A)(iv) ("The defendant may file the summons and complaint[.]"). Cole filed the summons and complaint as permitted by Rule 5. The district court had subject matter jurisdiction.

[¶9] Sanderson argues the district court lacked personal jurisdiction. "Valid service of process is necessary to assert personal jurisdiction over a defendant." *Cache Priv. Cap. Diversified Fund LLC v. Braddock*, 2025 ND 168, ¶ 10, 26 N.W.3d 688 (citation omitted). A district court "may acquire personal jurisdiction over any person through service of process as provided in this rule or by statute, or by voluntary general appearance in an action by any person either personally or through an attorney or any other authorized person." N.D.R.Civ.P. 4(b)(4). "A party must strictly comply with the specific requirements for service of process."

3

*Baker v. Erickson*, 2022 ND 137, ¶ 11, 977 N.W.2d 316 (quoting *Sanderson v. Walsh Cnty.*, 2006 ND 83, ¶ 13, 712 N.W.2d 842). "Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant." *Id.* (quoting *Sanderson v. Walsh Cnty.*, ¶ 13).

[¶10] Sanderson admits he served the summons and complaint on Cole on February 24, 2025, thereby commencing this action. Sanderson's complaint asserted the State of North Dakota, in District Court, County of Walsh, Northeast Judicial District, has "personal jurisdiction and is the proper venue as a Citizen of Walsh County" and "the defendant is the State[']s Attorney works and lives in Walsh County." "A plaintiff who commences an action alleging a district court has personal jurisdiction over a defendant cannot later challenge that court's personal jurisdiction[.]" *Sanderson v. Myrdal*, 2024 ND 202, ¶ 8, 13 N.W.3d 739; *see also Bryan v. Miller*, 16 N.W.2d 275, 284 (N.D. 1944) ("The rule that one who invokes the aid of the court in a case in which the court has general jurisdiction thereby confers jurisdiction upon the court to try and determine the action, is not restricted to a defendant. Obviously, it applies as well to a plaintiff."). Sanderson submitted to the district court's jurisdiction when he served process. Therefore, the court had personal jurisdiction over Sanderson for all proceedings in this matter.

[¶11] Sanderson argues the district court lacked personal jurisdiction over him because Cole did not serve notice of filing the summons and complaint under N.D.R.Civ.P. 5(d)(2)(A)(ii). Rule 5(d)(2), N.D.R.Civ.P., provides:

> (2) Initiating Pleading.
>     (A) The Summons and Complaint.
>         (i) The summons and complaint, or other initiating pleading, must be filed before a subpoena may be issued. Unless otherwise authorized by rule or statute, a party seeking to file an initiating pleading must provide proof that the pleading was served under Rule 4. The proof of service must be filed with the initiating pleading.

4

> *(ii) A party who files a complaint or other initiating pleading must serve notice of filing on the other parties.*
>
> . . . .
>
> (iv) The defendant may file the summons and complaint, and the costs incurred on behalf of the plaintiff may be taxed as provided in Rule 54(e).

(Emphasis added.)

[¶12] Cole filed the summons, complaint and affidavit dated February 24, 2025, attesting Sanderson served his summons and complaint on Cole by mail. Under N.D.R.Civ.P. 5(d)(2)(A)(i), "[u]nless otherwise authorized by rule or statute, a party seeking to file an initiating pleading must provide proof that the pleading was served under Rule 4. The proof of service must be filed with the initiating pleading." The Explanatory Note to Rule 5, N.D.R.Civ.P., states:

> Subparagraph (d)(2)(A) was amended, effective March 1, 2013, to require that proof of service be provided and filed by a party seeking to file an initiating pleading. Under Rule 3, an action is commenced on service of the initiating pleading, not on filing. Unless a rule specifically provides otherwise, service under Rule 4 must be accomplished before any pleadings in an action may be filed.

[¶13] Service under Rule 4, N.D.R.Civ.P., was accomplished by Sanderson before Cole filed this action. Cole's filing of Sanderson's affidavit of service satisfies N.D.R.Civ.P. 5(d)(2)(A)(i).

[¶14] "A party who files a complaint or other initiating pleading must serve notice of filing on the other parties." N.D.R.Civ.P. 5(d)(2)(A)(ii). The Explanatory Note to Rule 5 states, "Subparagraph (d)(2)(A) was amended, effective April 1, 2013, to clarify that any party who files a complaint or other initiating pleading must serve notice on the other parties in the matter." Cole did not serve notice she filed the summons and complaint. Cole did not comply with N.D.R.Civ.P. 5(d)(2)(A)(ii).

[¶15] The action was commenced by Sanderson's service of the summons, and the district court acquired personal jurisdiction over both Sanderson and Cole at that time. A failure to serve notice of an action is a procedural irregularity that could give rise to a due process claim. *Zittleman v. Bibler*, 2025 ND 87, ¶ 7, 20 N.W.3d 148 ("Due process requires a party receive adequate notice and a fair opportunity to be heard." (citation omitted)). "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action, while personal jurisdiction is the court's power over a party." *Winter v. Solheim*, 2015 ND 210, ¶ 6, 868 N.W.2d 842 (citation omitted). Neither the court's subject matter nor personal jurisdiction was lost because Cole did not serve notice she filed Sanderson's summons and complaint as required in N.D.R.Civ.P. 5(d)(2)(A)(ii). The district court had jurisdiction over the matter and the parties.

[¶16] Nor has Sanderson shown he was prejudiced by Cole's failure to serve notice that she filed the summons and complaint. Rather, Sanderson timely responded to Cole's motion to dismiss and other matters pending in the district court. "Unless justice requires otherwise, no error . . . by the court or a party, is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." N.D.R.Civ.P. 61. We therefore reject Sanderson's arguments the district court did not have jurisdiction to fully and finally adjudicate this matter.

III

[¶17] Sanderson claims the court erred by dismissing his case under N.D.R.Civ.P. 12(b)(6), and misapplying prosecutorial immunity to an investigative or administrative act. Rule 12(b)(6), N.D.R.Civ.P., permits dismissals of civil actions when the claimant fails "to state a claim upon which relief can be granted[.]" "The legal sufficiency of a claim is tested by a motion to dismiss under N.D.R.Civ.P. 12(b)(6)." *Puklich v. Puklich*, 2022 ND 158, ¶ 7, 978 N.W.2d 668.

[¶18] "Dismissals under N.D.R.Civ.P. 12(b)(6) are reviewed de novo and will be affirmed if this Court is unable to discern a potential for proof to support the

complaint." *Sanderson v. Agotness*, 2024 ND 232, ¶ 5, 15 N.W.3d 1 (cleaned up). "We construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint." *Severance v. Howe*, 2023 ND 197, ¶ 8, 997 N.W.2d 99 (cleaned up). "A court's scrutiny of pleadings should be deferential to the plaintiff, unless it is clear there are no provable facts entitling the plaintiff to relief." *Killoran v. Kaler*, 2025 ND 64, ¶ 10, 18 N.W.3d 867 (citation omitted). "Rule 12(b)(6) motions are viewed with disfavor and should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted." *Id.*

[¶19] Cole moved to dismiss Sanderson's complaint arguing he failed to state a claim and Cole is entitled to absolute prosecutorial immunity. Sanderson argues prosecutorial immunity does not apply because absolute immunity protects advocacy decision but does not extend to administrative or investigative conduct. He concedes "allegations of administrative blocking of public records and investigative inaction are, at minimum, subject to qualified immunity."

[¶20] Sanderson's complaint states venue, jurisdiction and the information of the parties. His "facts" section states:

> Cole has repeatedly ignored crimes presented to her when state law demands that she **"SHALL"** investigate them! Shall is not discretionary it is mandatory according to US Supreme Court rulings!

> WHEREFORE, Mr. Sanderson demands that this Court address each of these claims to be each ruled on separately:

> Claim 1: Cole violated her Oath of Office ND Constitution Article XI.

> Claim 2: Cole violated State law on Oath of Office NDCC 44-01-05.

> Claim 3: Cole violated State law NDCC 44-04-06.

> Claim 4: That Cole deprived Sanderson of his Constitutional rights, 42 USC 1983.

> Claim 5: Cole is [in] violation of professional conduct rules.
>
> Plaintiff is demanding a bench Trial in this matter. Defendant could settle out of Court but if she refuses to this case will be appealed if the law is not upheld!

(Emphasis in original.) Sanderson's "prayer for relief" requests:

> Plaintiff demands judgment against Cole for Injunctive and Declaratory relief. That Walsh State's Attorneys office be ordered to investigate the crimes Sanderson has reported with Sanderson's input in the investigation. The Plaintiff demands Cole's bond be forfeited to Sanderson. That Sanderson be awarded Punitive damages for Sanderson's rights being violated. Award Mr. Sanderson general and special damages for his emotional distress and legal filings. The defendants shall be found guilty of violations of statutory law, and Constitutional law. That Cole be disbarred and investigated for misconduct for ignoring Forgery, ignoring Evidence tampering, Commissioners not following the law, judges violating the law.

[¶21] The district court determined Sanderson "concedes the Complaint lacks any factual basis necessary to establish his claim" because his response to the motion to dismiss states: "If Sanderson had completed the Draft Sanderson would have evidence to the fact that laws were not enforced . . . ." The court further determined "the nature of the claim raised cannot succeed as a matter of law due to absolute prosecutorial immunity afforded to Cole. There is simply no potential for proof to support a claim such as this."

[¶22] "Under N.D.R.Civ.P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanderson v. Agotness*, 2024 ND 232, ¶ 6 (cleaned up). "Section 8(a)(1), N.D.R.Civ.P., requires that a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (cleaned up). We have explained:

> Under N.D.R.Civ.P. 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that

8

the pleader is entitled to relief." Although a concise and non-technical complaint is all that is required by N.D.R.Civ.P. 8(a), a complaint nevertheless must be sufficient to inform and notify the adversary and the court of the pleader's claim. Rule 8 does not require the complaint to have detailed factual allegations, but allegations that are merely conclusory statements unsupported by factual allegations are not sufficient to state a cause of action. Well-pleaded factual allegations are entitled to an assumption of truth, but conclusions unsupported by factual allegations are not.

*Krile v. Lawyer*, 2022 ND 28, ¶ 28, 970 N.W.2d 150 (cleaned up).

[¶23] The allegations in Sanderson's complaint are merely conclusory statements unsupported by factual allegations, and are not sufficient to state a cause of action. "Rule 8 does not empower a party to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Krile*, 2022 ND 28, ¶ 29 (cleaned up).

[¶24] A political subdivision employee may not be held liable for "[t]he decision to undertake or the refusal to undertake any judicial or quasi-judicial act, including the decision to grant, to grant with conditions, to refuse to grant, or to revoke any license, permit, order, or other administrative approval or denial." N.D.C.C. § 32-12.1-03(3)(c). "Employee" means "any officer, employee, board member, volunteer, or servant of a political subdivision, whether elected or appointed and whether or not compensated." N.D.C.C. § 32-12.1-02(3). "Political subdivision" includes "all counties" such as Walsh County. N.D.C.C. § 32-12.1-02(6).

[¶25] "Prosecutors may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. § 1983 for actions undertaken in accordance with their official duties." *Perry Ctr., Inc. v. Heitkamp*, 1998 ND 78, ¶ 45, 576 N.W.2d 505. "Prosecuting attorneys are considered 'quasi-judicial officers' entitled to absolute immunity granted judges when their activities are 'intimately associated with the judicial phase of the criminal process.'" *Krile v. Lawyer*, 2020 ND 176, ¶ 24, 947 N.W.2d 366 (citations omitted). "Guided by the standard applied in cases concerning prosecutorial immunity, a state's attorney's official

duties are those activities that are 'intimately associated with the judicial phase of the criminal process.'" *Id.* ¶ 25.

[¶26] "While absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution . . . and other conduct intimately associated with the judicial process, prosecutors have only the protection of qualified immunity when functioning in the role of an administrator or investigative officer rather than in the role of an advocate." *Perry Ctr., Inc.,* 1998 ND 78, ¶ 45. "The procedural difference between the two immunities is significant. Absolute immunity defeats a suit at the outset, while an official with qualified immunity must establish his or her conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.*

[¶27] Sanderson alleges in his complaint Cole failed to investigate or initiate criminal proceedings. Although Sanderson now argues Cole committed administrative misconduct regarding open records violations, his complaint does not address that topic. Absolute immunity applies to the allegations in Sanderson's complaint. As to those claims, the district court did not err by dismissing the complaint under N.D.R.Civ.P. 12(b)(6).

[¶28] Sanderson argues the district court "further dismissed under Rule 12(b)(6) while considering matters outside the pleadings, without converting to summary judgment under Rule 12(d). [Sanderson] should have been permitted amendment under Rule 15(a) and limited discovery under Rule 26." Sanderson did not move to amend his complaint under Rule 15, nor does he provide further support for this argument.

[¶29] Rule 12(d), N.D.R.Civ.P., states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

10

"In deciding a motion under Rule 12(b)(6) or 12(c), district courts may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record, without converting the motion to a summary judgment under Rule 56." *Krile v. Lawyer*, 2020 ND 176, ¶ 13 (cleaned up).

[¶30] Here, the district court concluded "even under the highly deferential standard" Sanderson's complaint must be dismissed for lack of a factual basis supporting the asserted claims. The court also concluded that, even if the complaint alleged sufficient facts, "the nature of the claim raised cannot succeed as a matter of law due to absolute prosecutorial immunity afforded to Cole." In reaching its conclusions, the court did not consider information outside the pleadings. Therefore, the court did not err by dismissing his complaint under N.D.R.Civ.P. 12(b)(6) or in its application of prosecutorial immunity.

[¶31] Sanderson claims the district court erred by denying his request for a hearing under N.D.R.Ct. 3.2 and further argues such denial violated his due process rights. "We review such denials for an abuse of discretion." *Sanderson v. Myrdal*, 2024 ND 202, ¶ 24.

[¶32] Rule 3.2(a) specifies when a party is entitled to a hearing on a motion:

> If any party who has timely served and filed a brief requests a hearing, the request must be granted. A timely request for a hearing must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs. The party requesting a hearing must secure a time for the hearing and serve notice upon all other parties. Requests for a hearing or the taking of evidence must be made not later than seven days after expiration of the time for filing the answer brief. If the party requesting a hearing fails within 14 days of the request to secure a time for the hearing, the request is waived and the matter is considered submitted for decision on the briefs. If an evidentiary hearing is requested in a civil action, notice must be served at least 21 days before the time specified for the hearing.

N.D.R.Ct. 3.2(a)(3). "A Rule 3.2 request for oral argument must be granted to any requesting party who has timely served and filed a brief. Rule 3.2, however, requires that the party requesting oral argument must secure a time for the

argument and serve notice upon all other parties. Failure to secure a time for oral argument renders the request incomplete." *Sanderson v. Myrdal*, 2024 ND 202, ¶ 25 (cleaned up).

[¶33] Cole argues Sanderson's request for a hearing was not timely, and not in a recognized pleading because Sanderson's response brief to the motion to dismiss did not include a request for a hearing. Sanderson argues he requested a hearing in his "Reply/Response/Opposition filed April 16, 2025."

[¶34] On March 17, 2025, Cole filed a motion to dismiss and served notice on Sanderson. On March 28, 2025, Sanderson filed a response to the motion to dismiss titled "Stipulation to Dismiss." Sanderson's "stipulation" did not request a hearing. On April 2, 2025, Cole filed and served a reply in support of the motion to dismiss. On April 16, 2025, Sanderson filed a reply brief titled "Reply/Response/Opposition to State[']s Motion to Dismiss" and requested a hearing. On April 17, 2025, the district court granted the motion to dismiss without a hearing. The district court order "notes Sanderson's response is not a stipulation," and found "[n]either party requested a hearing[.]"

[¶35] "Requests for a hearing or the taking of evidence must be made not later than seven days after expiration of the time for filing the answer brief." N.D.R.Ct. 3.2(a)(3). "[T]he opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers." N.D.R.Ct. 3.2(a)(2). "Upon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests a hearing on the motion." *Id.*

[¶36] Cole filed and served her motion by electronic filing and by mail on Sanderson on March 17, 2025. Sanderson's answer brief was due 14 days after service of the brief. Sanderson further had 7 days after expiration of the time for filing his answer brief to request a hearing. Sanderson's "stipulation to dismiss" was timely filed before expiration of the deadline to file an answer brief. He did not request a hearing. Sanderson's "Reply/Response/Opposition to State[']s Motion to Dismiss" was filed on April 16, 2025, which was after expiration of the deadline to file his answer brief. Sanderson's request for a hearing was untimely

and the district court did not abuse its discretion by dismissing the complaint without a hearing.

IV

[¶37] Sanderson claims the district court erred in awarding Cole attorney's fees under N.D.C.C. § 28-26-01(2). "We review an award of attorney's fees for an abuse of discretion." *Sanderson v. Myrdal*, 2024 ND 202, ¶ 27.

[¶38] Section 28-26-01(2), N.D.C.C., provides:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim.

[¶39] A district court has discretion under N.D.C.C. § 28-26-01(2) to determine whether a claim is frivolous and, if so, how much attorney's fees to award. *Sanderson v. Myrdal*, 2024 ND 202, ¶ 28. "Frivolous claims are those which have such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in that person's favor." *Id.* (citation omitted). "The district court must award costs and attorney's fees if it finds the claim is frivolous." *Id.*

[¶40] Sanderson argues the district court's order lacks the findings required to conclude his claims were frivolous. The district court found:

> A reasonable person in Sanderson's position could not have expected that a court would render judgment in his favor. His claim for relief is frivolous. This is particularly evident when one considers that Sanderson made similar claims in another dismissed action, with that dismissal upheld on appeal to the North Dakota Supreme Court. *See Sanderson v. Agotness*, 2024 ND 232, 15 N.W.3d 1.

13

While Sanderson's claims in *Agotness* involved judicial immunity, it provides clear guidance here. Absolute prosecutorial immunity, like judicial immunity, is "a well-established and long-standing legal doctrine" and Sanderson did not request any form of relief not barred by the immunity. *Agotness* at ¶ 12. Sanderson did not provide any legal argument disputing application of absolute prosecutorial immunity and admits to a lack of factual basis, arguing he would have later drafted a complaint that did have sufficient facts.

His assertions that he never meant for his Complaint to reach Cole are incredulous, considering he signed two documents, provided the documents to another individual to serve upon Cole, and his response to the motion to dismiss clearly indicated an intent behind serving the documents, when he states Cole had "no idea if Sanderson ever intended to actually file this case with the Court or see if the Defendant would collaborate to settle out of Court." Index at 16, ¶ 4. This shows Sanderson intended to, and did, serve the Complaint upon Cole.

Even setting that aside, Sanderson's argument that he can't be held responsible for fees and costs because it was Cole who filed the summons and complaint was also made, and squarely rejected, in the *Agotness* decision, "Attorney's fees in a frivolous action are not awarded based on who was first to file but on the prevailing party who was sued on a meritless claim." *Id.* at ¶ 13.

[¶41] The district court specifically found a "reasonable person in Sanderson's position could not have expected that a court would render judgment in his favor." The court did not abuse its discretion by awarding attorney's fees.

V

[¶42] Sanderson's remaining arguments are inadequately briefed, not properly before this Court, without merit, or unnecessary to our decision. We affirm the judgment.

[¶43] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr

14